UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER ROSA ) | 3:24-CV-1738 (SVN) |
| *Petitioner*, ) | |
| ) | |
| v. ) | |
| ) | |
| COMMISSIONER OF CORRECTION, ) | |
| *Respondent*. ) | June 3, 2025 |

**RULING ON RESPONDENT'S AMENDED MOTION TO DISMISS**

In this *habeas corpus* action brought under 28 U.S.C. § 2241, Petitioner Alexander Rosa, a pretrial detainee at the Bridgeport Correctional Center, seeks dismissal of state charges, return of his cellular phone and identification documents, a lower bond, and release from custody on several grounds. Pet., ECF No. 1; Am. Pet., ECF No. 22. Respondent has moved to dismiss the petition, arguing that the Court should abstain from granting the relief requested under *Younger v. Harris*, 401 U.S. 37 (1971); that Petitioner has not exhausted state remedies; and that Petitioner's claims are not cognizable in a federal habeas action, in any event. Am. Mot. to Dismiss, ECF No. 29 at 1. The Court agrees with Respondent and dismisses the petition in full.

**I.    BACKGROUND**

In this action, Petitioner is challenging his criminal charges pending in Connecticut Superior Court under docket F02B-CR24-0359128-S. ECF No. 1 at 1–2; ECF No. 22 at 1. The Court takes judicial notice that Petitioner is charged in that action with breach of peace in the second degree, in violation of Connecticut General Statutes § 53a-181; violation of a protective order, in violation of Connecticut General Statutes § 53a-223; and failure to comply with a fingerprinting requirement, in violation of Connecticut General Statutes § 29-17.[1]

---

[1] The court may take judicial notice of relevant matters of public record. *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012)). This is information is available on the Connecticut Judicial Branch website under the "Case Look-up" function for "Criminal/Motor Vehicle" cases. *See* https://www.jud.ct.gov/crim.htm.

Petitioner's original petition set forth six grounds for relief: (1) violation of Petitioner's Fourteenth Amendment due process right due to failure to investigate his criminal charges diligently prior to his arrest; (2) false arrest based on hearsay without physical evidence; (3) the relevant protected party under a protective order moved to three locations without modifying the lifetime protective order as to the location and without letting Petitioner know of the updated address; (4) the arresting officer sexually abused and/or inappropriately touched Petitioner, grabbing his penis to get his cell phone; (5) the arresting officer seized and made "disappear" Petitioner's cell phone—that may be able to show his innocence—in violation of the Fourth Amendment; and (6) excessive bond. ECF No. 1 at 7–10.

Following Respondent's submission of a motion to dismiss the original petition, Petitioner sought leave to amend his petition, which the Court granted. *See* Order, ECF No. 21. In his amended petition, Petitioner asserts five grounds for habeas relief: (1) false arrest, conspiracy, and a Fourteenth Amendment due process violation related to the address of the protected party under the lifetime protective order, seizure of his cell phone, and ineffective assistance of counsel; (2) a Fourth Amendment violation due to sexual abuse by the arresting police officer who obtained Petitioner's identification card and cell phone; (3) a Sixth Amendment violation and conspiracy based on the court allowing his assigned counsel to provide ineffective representation; (4) court retaliation by forcing him to be represented by the assigned counsel, because of his filing a prior habeas action; and (5) excessive bond. ECF No. 22 at 7–18.

## II.     LEGAL STANDARD

A motion to dismiss a habeas petition, like any other motion to dismiss a civil complaint, is governed by Federal Rule of Civil Procedure 12(b)(6). *Anderson v. Williams*, No. 3:15-cv-1364 (VAB), 2017 WL 855795, at *5–6 (reviewing motion to dismiss § 2241 petition under Fed.

R. Civ. P. 12(b)(6) standard). When determining whether a complaint states a claim upon which relief can be granted under Rule 12(b)(6), highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted). The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

These pleading standards apply to self-represented parties. It is true that courts are under an obligation to extend "special solicitude" to *pro se* litigants and ought to read their pleadings "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)) (internal quotation marks omitted). But at the same time, a *pro se* complaint must meet the basic pleading standards outlined above to survive a motion to dismiss. *Fowlkes*, 790 F.3d at 387 (citing *Twombly*, 550 U.S. at 570); *see also Anderson*, 2017 WL 855795, at *6 ("Despite the special solicitude that the Court must show [the petitioner] out of consideration for his *pro se* status, his petition must still include sufficient factual allegations to meet the standard of facial

3

plausibility to survive a motion to dismiss under Rule 12(b)(6).").

In considering a motion to dismiss, the court typically may consider only the complaint, or, here, the amended petition. Thus, the amended petition, however, "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference," as well as any documents deemed "integral" to it. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (citations and internal quotation marks omitted). Accordingly, the Court may consider documents submitted by the parties and those available in the public record, of which the Court may take judicial notice.

### III.    DISCUSSION

For the reasons discussed below, the Court denies the petition.

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Thus, habeas relief is available under 28 U.S.C. § 2241 to a state pretrial detainee "challenging his custody as unlawful under the Constitution or federal law." *Nieves v. Farber*, No. 20-CV-0990 (LJL), 2020 WL 1529454, at *3 (S.D.N.Y. Mar. 30, 2020); *see also Henry v. United States*, No. 11-CV-391 (KAM), 2014 WL 7075800, at *2 (E.D.N.Y. Dec. 12, 2014) (noting that "courts in this Circuit have construed pretrial habeas petitions as arising under Section 2241").

#### A. Frivolous Claims

The Antiterrorism and Effective Death Penalty Act of 1996 affords district courts discretion to deny a petition for writ of habeas corpus on the merits "notwithstanding the failure of an applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. §

2254(b)(2).  A "plainly meritless" claim should be denied on the merits rather than dismissed for failure to exhaust.  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Here, Petitioner's amended petition includes allegations challenging the execution of a protective order and claiming sexual misconduct by a police officer who seized his property.  ECF No. 22 at 7–18.  Neither of these claims challenges the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Accordingly, such claims are not cognizable claims under § 2241 and are denied on the merits.

      B. Lack of Jurisdiction

The Court lacks jurisdiction over Petitioner's challenges to his arrest, his bond determination, and the appointment of counsel in his Superior Court criminal proceedings, which are currently pending.  *See Younger*, 401 U.S. at 41; *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter.").

In *Younger*, the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances.  *See Gibson v. Berryhill*, 411 U.S. 564, 573–74 (1973) (citing *Younger*, 401 U.S. at 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) ("ongoing state criminal prosecutions" fall within the scope of "exceptional circumstances" which "justify a federal court's refusal to decide a case in deference to the States" (cleaned up)); *Cavanaugh v. Geballe*, 28 F.4th 428, 432 (2d Cir. 2022).  Federal habeas actions cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973).

Following *Younger,* federal courts have routinely declined to entertain habeas petitions filed by defendants who are in the midst of ongoing state criminal proceedings. *See, e.g.*, *Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) (summary order) (declining to consider a § 2241 petition on the merits pursuant to *Younger*); *Jones v. Walker*, No. 22-CV-993 (LTS), 2022 WL 623584, at *2 n.2 (S.D.N.Y. Mar. 3, 2022) ("Where a pretrial detainee challenges his custody in a habeas corpus petition brought under [§] 2241, courts have applied the *Younger* doctrine and declined to intervene in the state court proceeding.").

The Court also considers three non-dispositive factors to determine whether abstention is appropriate: (1) whether there is an ongoing state proceeding; (2) whether an important state interest is implicated in that proceeding; and (3) whether the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims. *See Lowell v. Vt. Dep't of Child. & Fams.*, 835 F. App'x 637, 639 (2d Cir. 2020) (amended summary order) (citing *Falco v. Justs. of the Matrim. Parts of Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015)); *Cook v. Martin*, No. 3:21-cv-1465 (SRU), 2022 WL 2817452, at *3 (D. Conn. July 19, 2022), *appeal dismissed*, No. 22-1838, 2023 WL 4770433 (2d Cir. Jan. 30, 2023).

All three factors support abstention. First, Petitioner's Superior Court criminal proceedings are ongoing and have not been resolved. Second, an important state interest is implicated whenever a party seeks to enjoin an ongoing state criminal proceeding. *See Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) ("*Younger* itself settled the importance of the state's interest in criminal proceedings."). And relevant to Petitioner's excessive bond claim, the Second Circuit has instructed that federal court "'interference with the state criminal process in both pending and future bail proceedings,' . . . would violate principles of comity set forth in *Younger*." *Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (quoting and citing *Wallace v. Kern*, 520 F.2d

400, 405 n.9, 408 (2d Cir. 1975)); *see also Jordan*, 570 F. App'x at 44 (absent extraordinary circumstances, "*Younger* abstention ordinarily applies to a state court's bail application proceedings").

Finally, the third factor also weighs in favor of abstention. Pending state court criminal proceedings ordinarily provide the accused "a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975); *see also State v. Pan*, 345 Conn. 922, 946–59 (2022) (discussing state procedural protections for setting bail including appellate review). Petitioner has an adequate opportunity for review of his constitutional claims arising from his criminal arrest and prosecution through the state pretrial and criminal trial process. *See Cook*, 2022 WL 2817452, at *3 (petitioner "will have an adequate opportunity to have his constitutional claims reviewed in state court, either during the course of the ongoing proceedings, or, in the event he is convicted, on direct appeal or collateral review"); *Rivera v. Connecticut*, No. 3:20-CV-860 (OAW), 2022 WL 124248, at *3 (D. Conn. Jan. 13, 2022) ("The court cannot permit the disruption of [p]etitioner's ongoing state criminal case by considering [p]etitioner's speedy trial and due process defenses prematurely."). Additionally, should Petitioner be convicted, he may raise his constitutional claims on direct appeal or through collateral review of his conviction in state court. *See Tyson v. Clifford*, No. 3:18-cv-1600 (JCH), 2018 WL 6727538, at *4 (D. Conn. Dec. 21, 2018) (section 1983 plaintiff had not "alleged the absence of a remedy available in state court to challenge any alleged constitutional violations associated with his criminal prosecution" and he was "not precluded from challenging any subsequent conviction or sentence on appeal to the Connecticut Appellate and Supreme Courts, filing a habeas petition in the Connecticut Superior Court, and following that, a habeas petition in federal court"); *Robinson v. Sposato*, No. CV-11-191 (SJF), 2012 WL 1965631, at *3 (E.D.N.Y. May 29, 2012) (direct appeal or collateral review

7

provide "ample opportunity for review of petitioner's constitutional claim in state court"); *see also Miller v. Cnty. of Nassau*, 467 F. Supp. 2d 308, 317 (E.D.N.Y. 2006) (plaintiff in § 1983 case can raise arguments on appeal once state court judgment enters).

Nor do any of the exceptions to the doctrine of *Younger* abstention apply here. A federal court may intervene in a state proceeding upon a petitioner's showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Diamond "D" Constr. Corp.*, 282 F.3d at 198 (quoting *Younger*, 401 U.S. at 54). The party seeing to avoid application of *Younger* bears the burden of demonstrating that an exception applies. *Kirschner v. Klemons*, 225 F.3d 227, 235–36 (2d Cir. 2000). Notably, "[a] state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Diamond "D" Constr. Corp.*, 282 F.3d at 199. This exception applies only if Petitioner can show that his state prosecution was "initiated with and is animated by a retaliatory, harassing, or other illegitimate motive," and without a "reasonable expectation of obtaining a favorable outcome." *Id.* (cleaned up). Petitioner's amended petition contains only conclusory allegations about the state court acting in a conspiracy or taking retaliatory action against him, which does not meet this demanding standard. Moreover, the amended petition does not suggest that the State initiated the criminal action despite that it does not anticipate a conviction, or that Petitioner's prosecution was commenced only to harass him. Accordingly, Petitioner's conclusory assertions do not show that the bad faith exception should apply.

Nor does the amended petition indicate that the unusual circumstances exception is warranted. For that exception to apply, there must be a "sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings. . . . [S]uch

8

circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Id.* at 201 (quoting *Kugler*, 421 U.S. at 124–25). The Second Circuit has identified two predicates for application of this exception: "(1) that there be no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation; *and* (2) that a finding be made that the litigant will suffer great and immediate harm if the federal court does not intervene." *Id.* (cleaned up).

As previously noted, the state courts can fully address any constitutional questions raised by Petitioner's claims and remedy any violations as appropriate. Petitioner provides no indication that he has been precluded from raising in Connecticut court proceedings any claims concerning the allegedly excessive bond, ineffective assistance of counsel, improper court conduct, or improper seizure. Nor has Petitioner provided facts to suggest that he will suffer imminent harm if this court does not intervene in the ongoing prosecution. *See Jordan*, 570 F. App'x at 44 (in context of a *habeas corpus* proceeding, finding that 52-month pretrial incarceration did not constitute an "extraordinary circumstance" warranting federal intervention); *Davis*, 851 F.2d at 77 (holding the burden of defending criminal prosecution is insufficient, without more, to constitute irreparable harm); *Saunders v. Flanagan*, 62 F. Supp. 2d 629, 635 (D. Conn. 1999) ("That the plaintiff will be forced to defend against a charge of murder in state court does not constitute the extraordinary circumstances resulting in irreparable harm warranting this court to refuse to apply the doctrine of *Younger* abstention.").

In sum, based on the allegations set forth in the amended petition, the Court cannot conclude that an exception to *Younger* abstention applies. Accordingly, the Court dismisses Petitioner's habeas claims challenging aspects of his state court criminal proceedings, including

his bond determination and ineffective representation by counsel, on the basis of *Younger* abstention. *See Brown v. Reis*, No. 3:23-CV-813 (KAD), 2023 WL 4826558, at *1–2 (D. Conn. July 27, 2023) (abstaining from reviewing § 2241 petition seeking release on grounds that state trial court denied him a *Franks* hearing, permitted a legal intern to assist in his defense, and failed to reduce his bond); *Young v. Reis*, No. 3:22-CV-985 (OAW), 2023 WL 3534613, at *5 (D. Conn. May 18, 2023) (abstaining under *Younger* doctrine from addressing a petitioner's claims challenging his pretrial confinement after he was unable to post bond); *Cook*, 2022 WL 2817452, at *2 (abstaining under *Younger* doctrine from review of § 2241 petition asserting that (1) discovery and a bill of particulars were being withheld from him, and his motions requesting the same were ignored, in violation of the Fifth, Sixth, and Fourteenth Amendments; (2) he was not provided with the evidence against him and therefore could not litigate a motion to dismiss or a motion to suppress, in violation of the Fourteenth Amendment; and (3) rules suspending or altering "the due process of motions" and speedy trial provisions violate the Separation of Powers Act and the Fourteenth, Sixth, and Eighth Amendments).

    C. <u>Exhaustion</u>

To the extent that *Younger* abstention does not apply because Petitioner's challenges may be considered collateral to his criminal proceeding, the Court concludes that the amended petition must be dismissed for lack of exhaustion of state remedies, as explained below. *See Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975) (in civil rights action, federal court correctly did not abstain from hearing claims that plaintiffs were detained without hearings, because "[t]he order to hold preliminary hearings could not prejudice the conduct of the trial on the merits" and was directed "only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution").

It is well-established that, before a federal court may grant habeas relief to a state prisoner, the prisoner must properly exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). That is, Petitioner must present the essential factual and legal bases for his federal claims to each appropriate state court, including the highest state court capable of reviewing it, in order to afford the state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (cleaned up); *Daye v. Att'y Gen. of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) ("Specifically, [the petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." (citations omitted)). "The exhaustion requirement is designed to avoid the unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to correct a constitutional violation.'" *Davila v. Davis*, 582 U.S. 521, 527 (2017) (cleaned up).[2]

The exhaustion requirement for § 2241 is judicially imposed, however, and the Court has discretion to excuse a § 2241 petitioner's failure to exhaust administrative remedies. *Cardoza v. Pullen*, No. 3:22-CV-591 (SVN), 2022 WL 3212408, at *5 (D. Conn. Aug. 9, 2022) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)). A court may excuse the failure to exhaust for a § 2241 petition where "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal

---

[2] Section 2241 "does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief," but "decisional law has superimposed such a requirement in order to accommodate principles of federalism." *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) (cleaned up); *see also Petties v. Riviezzo*, No. 20-CV-4350 (ALC), 2020 WL 6748528, at *2 (S.D.N.Y. Oct. 2, 2020). By contrast, 28 U.S.C. § 2254 contains a strict statutory exhaustion requirement and bars relief "unless the 'applicant has exhausted the remedies available in the courts of the State' or 'there is an absence of available State corrective process.'" *McPherson v. Lamont*, No. 3:20-CV-534 (JBA), 2020 WL 2198279, at *4 n.2 (D. Conn. May 6, 2020) (quoting 28 U.S.C. § 2254(b)(1)(A)).

11

would be futile; and (4) in certain instances a [petitioner] has raised a substantial constitutional question." *Beharry*, 329 F.3d at 62 (cleaned up).

Here, it is clear that Petitioner's grounds for relief asserted in his amended petition have not been presented to Connecticut's highest court, given that his criminal proceeding is still pending in Connecticut Superior Court. No alleged facts in either his original petition or amended petition show that he has raised his grounds for relief through state proceedings so as to afford the state courts a full and fair "opportunity to pass upon and correct alleged violations of [his] federal rights." *Duncan*, 513 U.S. at 365; *see* ECF No. 1 at 2–4; ECF No. 29 at 7–18. With respect to his challenge to his bond determination, Petitioner has nowhere indicated that he challenged his bond determination through the available remedy of filing a petition for appellate review pursuant to Connecticut General Statutes § 54-63g, which provides for "immediate review of an allegedly unauthorized condition of pretrial release." *State v. Stiggle*, 155 Conn. App. 117, 118 n.1 (2015) (citation omitted); *see also State v. Smith*, 335 Conn. 932, 934–37 (2020) (discussing whether certification is warranted to permit appeal from appellate court's consideration of appeal of motion for reduction of bond and release filed by pretrial detainee).

Nor can Petitioner's failure to exhaust his state court remedies be excused, because none of the exhaustion exceptions apply. There is no indication that the state trial and appellate courts of Connecticut are not fully able to consider and rule on Petitioner's claims; that Petitioner faces irreparable injury; that appeal in the state courts would be futile; or that Petitioner has raised a substantial constitutional question.

Thus, the Court must also dismiss Petitioner's § 2241 petition as premature because he has not exhausted his state remedies prior to filing this action. *See Young v. McClendon*, No. 22-CV-710 (KAD), 2022 WL 2952772, at *5 (D. Conn. July 26, 2022) (dismissing a § 2241 petition *sua*

*sponte* where the petitioner failed to demonstrate his exhaustion or the absence of available state remedies).

## IV. <u>CONCLUSION</u>

For the reasons discussed above, the Court GRANTS Respondent's amended motion to dismiss, ECF No. 28. The Court DISMISSES the amended petition, finding that Petitioner's challenges to the execution of a protective order and claim of sexual misconduct by a police officer who seized his property are not cognizable in a § 2241 petition; that the Court lacks jurisdiction over the remainder of Petitioner's claims under *Younger*; and, to the extent that abstention is not warranted under *Younger*, that Petitioner has failed to exhaust available state remedies.

The Court denies a certificate of appealability because any appeal from this Order would not be taken in good faith. The Clerk is respectfully directed to close this case.

**SO ORDERED** at Hartford, Connecticut, this 3rd day of June, 2025.

                                                            */s/ Sarala V. Nagala*
                                                         SARALA V. NAGALA
                                                         UNITED STATES DISTRICT JUDGE